**Michael Lamont CLAYTON, Petitioner—Appellant,**

v.

**Roy CASTRO, Respondent—Appellee.**

No. 01–56513.

D.C. No. CV–99–11785–R.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 8, 2003.

Decided April 17, 2003.

▮

Before SCHROEDER, Chief Judge, THOMPSON, and GRABER, Circuit Judges.

MEMORANDUM *

California state prisoner Michael Lamont Clayton appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his 1997 jury conviction and life sentence for attempted first-degree murder, use of a firearm, and intentional infliction of great bodily injury. He argues that the state trial court improperly admitted hearsay evidence in violation of his rights under the Confrontation Clause of the United States Constitution. Specifically, he challenges the admission of an investigation officer's testimony about a conversation with a 10–year–old witness, upon which the officer relied in assembling a "six-pack" photo lineup that included a photograph of Clayton.

There was no hearsay admitted in this case, as no out-of-court statement was admitted for the truth of the matter asserted. *See* Fed.R.Evid. 801(c); Cal. Evid.Code § 1200(a). Even if Clayton were correct that the officer's testimony should have been excluded, any error in admitting it was harmless. Clayton and the victim had known each other for fifteen years prior to the shooting, and at trial the victim positively identified Clayton as the shooter.

We cannot say that the challenged testimony " 'had substantial and injurious effect or influence in determining the jury's verdict.' " *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)). We certainly cannot say that the state court's adjudication was

---

"contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), as required under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See Hernandez v. Small*, 282 F.3d 1132, 1140 (9th Cir.), *cert. denied*, —— U.S. ——, 123 S.Ct. 205, 154 L.Ed.2d 83 (2002) (explaining standard of review under AEDPA).

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Franklin's requests for oral argument and attorney assistance.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.